UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| CHRISTOPHER JONES,<br><br>    Plaintiff,<br><br>    v.<br><br>BOSTON CENTER FOR<br>ADDICTIVE BEHAVIORS, et al.,<br><br>    Defendants. | Civil Action No. 18-11236-JCB |

ORDER FOR REASSIGNMENT AND REPORT AND RECOMMENDATION

October 10, 2018

Boal, M.J.

In this action, pro se plaintiff Christopher Jones seeks monetary damages for loss of personal property while a patient at the defendant facility, Boston Center for Addictive Behaviors ("CAB"). For the reasons set forth below, this Court orders the Clerk's Office to reassign the case to a District Judge and recommends that the District Judge dismiss the case for lack of subject matter jurisdiction.

I.  BACKGROUND

The complaint alleges that Jones, an inmate now incarcerated at MCI Cedar Junction, was admitted to CAB on or about April 15, 2017. Docket No. 1 at ¶ 7. At CAB intake, after being told that he could only bring $20 upstairs, Jones signed his wallet and $1,700 in cash over to defendant- CAB employee, Mr. Love. Id. at ¶¶ 8-10. Upon discharge several days later, Jones alleges that he was told his wallet and money were missing from the CAB safe. Id. at ¶ 11. The complaint recounts his subsequent interactions with various CAB employees, including

defendant Oswald, and his unsuccessful efforts to recoup the $1,700.  Id. at ¶¶ 12-22.  Although CAB informed Jones that it was not "responsible for paying [him] back," a female CAB employee gave him $100.  Id. at ¶¶ 19, 22.  Jones contends that this amount became his entire "life savings," and as a result, he could not pay his rent, phone bill or parole fees.  Id. at ¶¶ 24-25.  He subsequently relapsed, violated parole and was sent back to prison.  Id. at ¶¶ 25-32.

On June 13, 2018, Jones filed his complaint, which brings state law negligence and intentional tort claims, and alleges violations of state and federal civil rights laws.  Docket No. 1.  By procedural order dated August 6, 2018, this Court directed Jones to either pay the filing fee or file an application to proceed in forma pauperis accompanied by a copy of his prison account statement.  Docket No. 4.  On August 20, 2018, Jones filed a motion to proceed in forma pauperis.  Docket No. 5.  Because this Court recommends that the case be dismissed due to lack of subject matter jurisdiction, no action will be taken on that motion at this time.

II.     ANALYSIS

This Court has an independent obligation to inquire, sua sponte, into its subject matter jurisdiction.  McCulloch v. Velez, 364 F.3d 1, 5 (1st Cir. 2004); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Here, even if the allegations are accepted as true, the complaint raises no federal question pursuant to 28 U.S.C. § 1331.  Jones alleges that the defendants' actions violate a "clearly established constitutional right."  Docket No. 1 at ¶ 39.  The federal civil rights statute, 42 U.S.C. § 1983, "creates a private right of action through which plaintiffs may recover against state actors for constitutional violations."  Goldstein v. Galvin, 719 F.3d 16, 24 (1st Cir. 2013) (citing Rehberg v. Paulk, 566 U.S. 356, 360 (2012)).  A Section 1983 plaintiff must show not only that

"some person deprived [him] of a federal right," but also that "such person 'acted under color of state or territorial law.'"  Grapentine v. Pawtucket Credit Union, 755 F.3d 29, 31 (1st Cir. 2014) (quoting Gomez v. Toledo, 446 U.S. 635, 640 (1980) (citation omitted)).  Private conduct, no matter how wrongful, is generally beyond the reach of Section 1983.  American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999).  Here, CAB appears to be a private entity.  Jones alleges that it is owned by Lahey Clinic.  Docket No. 1 at ¶ 3.  There are no allegations that CAB or its employees were state actors.  Therefore, CAB employees were not acting under the "color of state law" at any time relevant to the allegations in the complaint.  Accordingly, Section 1983 does not apply.  Because Jones raises no other federal law claims, this Court lacks federal question jurisdiction.

Further, Jones has not alleged that the Court has diversity jurisdiction under 28 U.S.C. § 1332(a) (federal courts have original jurisdiction over civil actions between citizens of different states where the amount in controversy exceeds $75,000).  Accordingly, Jones has not established that this Court has subject matter jurisdiction over the complaint.

III   ORDER FOR REASSIGNMENT

For the foregoing reasons, this Court orders the Clerk's Office to reassign this action to a District Judge for further proceedings.

IV.   RECOMMENDATION

 For the foregoing reasons, this Court also recommends that the District Judge dismiss the action for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3).

V.   REVIEW BY DISTRICT JUDGE

The parties are hereby advised that under the provisions of Fed. R. Civ. P. 72(b), any party who objects to these proposed findings and recommendations must file specific written

objections thereto with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation.  The written objections must specifically identify the portion of the proposed findings, recommendations, or report to which objection is made, and the basis for such objections.  See Fed. R. Civ. P. 72.  The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Fed. R. Civ. P. 72(b) will preclude further appellate review of the District Court's order based on this Report and Recommendation.  See Phinney v. Wentworth Douglas Hosp., 199 F.3d 1 (1st Cir. 1999); Sunview Condo. Ass'n v. Flexel Int'l, Ltd., 116 F.3d 962 (1st Cir. 1997); Pagano v. Frank, 983 F.2d 343 (1st Cir.1993).

        SO ORDERED.

        /s/ Jennifer C. Boal
        JENNIFER C. BOAL
        United States Magistrate Judge